Filed 8/26/15  P. v. Gardner CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063381 |
| v. | (Super.Ct.No. FSB1302889) |
| CORNELL GARDNER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Annemarie G. Pace, Judge.  Affirmed.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

**FACTUAL AND PROCEDURAL HISTORY**

A.     PROCEDURAL HISTORY

On July 10, 2013, a felony complaint charged defendant and appellant Cornell Gardner with murder under Penal Code section 187, subdivision (a), and second degree robbery under Penal Code section 211. Defendant pled not guilty to both counts.

On September 10, 2013, defense counsel expressed a doubt regarding defendant's competence. Therefore, the trial court appointed Dr. Guerra to evaluate defendant pursuant to Penal Code sections 1368 and 1369. Dr. Guerra opined that defendant was not competent. On October 22, 2013, the prosecutor requested that a second doctor be appointed. The court appointed Dr. Clark. Dr. Clark opined that defendant was competent. Defense counsel then requested that a third doctor be appointed. The court appointed Dr. Kojian; he opined that defendant was competent.

Thereafter, the trial court set a date for a jury trial to determine defendant's competence. Defendant waived his right to a jury trial and agreed to a court trial. On August 25, 2014, the court, having considered the three doctors' opinions, found that defendant was competent.

On January 23, 2015, the prosecutor amended the complaint and added several new allegations. The amended complaint alleged one count of voluntary manslaughter under Penal Code section 192, subdivision (a); and four separate counts of assault by force likely to produce great bodily injury under Penal Code section 245, subdivision (a)(4). Defendant then pled guilty to the added count of voluntary manslaughter and four counts of assault by force likely to produce great bodily injury. Defendant agreed to

serve 15 years in state prison. At the prosecutor's request, the trial court dismissed the charges of murder and second degree robbery.

On February 24, 2015, the trial court sentenced defendant to the negotiated term of 15 years in state prison. The sentenced consisted of the upper term of 11 years for voluntary manslaughter, and one-third the midterm for each of the four assaults (one year each), to be served consecutively. On April 17 2015, defendant filed his notice of appeal.

B.     FACTUAL HISTORY [1]

On July 7, 2013, defendant was a transient and living on the streets of San Bernardino. A number of other transients lived in the area, including the victim.

At approximately 2:00 a.m. on July 7, 2013, a security guard was working outside the El Super Market. The security guard was patrolling the area outside of the store when he heard what sounded like a fight. He saw a person in a nearby field, later identified as the victim. The victim was lying face down on the ground and another person, later identified as defendant, was kicking the victim in the face. Defendant then fled. The victim told the security guard that defendant had taken an unknown amount of cash from the victim.

The victim sustained traumatic injuries to his face and head. When the police arrived, the victim was breathing but unresponsive to questions; he was taken to a hospital. The following day, the victim was declared legally brain dead.

---

[1] The facts are taken from the police reports pursuant to the parties' stipulation

3

## DISCUSSION

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no error.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER_____
                                                                    J.

We concur:

KING_____
                    Acting P. J.

CODRINGTON_____
                            J.

4